FILED
U.S. DISTRICT COURT

2008 MAY -9  A 8:48

DISTRICT OF UTAH

BY:_____
       DEPUTY CLERK

PAUL C. BURKE (A7826)
JONATHAN A. DIBBLE (A0881)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
 Telephone: (801) 532-1500

*Attorneys for Defendants IASIS Healthcare Corporation
and Salt Lake Regional Medical Center*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

----ooOoo----

| | |
|---|---|
| KEITH WEBB, | |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| SALT LAKE REGIONAL MEDICAL CENTER, IASIS HEALTHCARE CORPORATION, JAMES (JIM) JOHNSTON, MARY MOODY, BART ADAMS, | Civil No. 2:05-CV-01011 |
| | Judge Dee Benson |
| | Magistrate Judge Paul M. Warner |
| Defendants. | |

----ooOoo----

The Court, having considered Defendants' Motion for Summary Judgment and Defendants' Memorandum in Support of Summary Judgment, and having further considered that the Plaintiff has failed to timely file and serve a response to Defendants' Motion for Summary Judgment in compliance with Rule 56 of the Federal Rules of Civil Procedure,

HEREBY ORDERS that Defendants' Motion for Summary Judgment is hereby GRANTED, and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

The Court's Order is supported by the following findings of fact of conclusions of law:

1. On April 8, 2005, Keith Webb filed a charge of discrimination against Defendants Salt Lake Regional Medical Center ("Salt Lake Regional") and IASIS Healthcare Corporation ("IASIS").

2. On August 31, 2005, the Equal Employment Opportunity Commission ("EEOC") dismissed Webb's charge because the information provided to the EEOC did not establish a violation of the law. Simultaneously, the EEOC issued Webb a notice of right to sue (the "Notice").

3. The Notice, dated August 31, 2005, provided that Webb could file suit only within 90 days from his receipt of the Notice.

4. On December 5, 2005, Webb, acting *pro se*, filed a complaint against Defendants in this Court.

5. Defendants timely answered Plaintiff's complaint.

6. On September 5, 2007, the Court entered a Scheduling Order, requiring that initial disclosures be completed by September 21, 2007, and that fact discovery be completed by May 23, 2008.

7. Defendants timely served Webb with their initial disclosures.

8. Webb, however, failed to timely serve his initial disclosures.

9. On December 21, 2007, Defendants sent a letter to Webb reminding him that his initial disclosures were due on September 21, 2007 and requesting that he immediately make his initial disclosures.

10. At the same time, Defendants also served Webb with their First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions (collectively "Discovery Requests").

11. The cover letter included with these pleadings also explained that the Rules of Civil Procedure required Webb "at risk of prejudice," to respond to the discovery requests "in a timely fashion."

12. In their Discovery Requests, Defendants also explained that Webb was required to serve a copy of his answers to the Discovery Requests on Defendants "within thirty (30) days of service hereof."

13. In addition, Defendants instructed Webb to serve answers to Defendants' requests for admission on Defendants "within thirty (30) days of service hereof." *Id.*

14. Defendants warned Webb that "[i]f **a response is not served within 30 days, such matter shall be deemed admitted**." *Id.*

15. Webb's response to the Discovery Requests, therefore, was due January 25, 2008, at the latest.

16. On December 22, 2007, Webb sent his initial disclosures via email to Defendants, more than three months after they were due.

17. To date, Webb has not responded to Defendants' Discovery Requests, more than 130 days after they were served.

18. Consequently, all of the statements in Defendants' Requests for Admission are deemed admitted. *See* Fed. R. Civ. P. 36(a) ("A matter is admitted unless, within thirty days after being served, the party to whom the request is directed serves on the requesting party a

written answer or objection addressed to the matter and signed by the party or its attorney.") (emphasis added); *see also* 7 MOORE'S FEDERAL PRACTICE, § 36.03[1] (3d ed.) ("If the party who has been served with a request for admission does not serve a timely response, the requested matter is deemed admitted."); *Whiting v. Weslowski*, 200 F.R.D. 263 (E.D. N.C. 2000) (concluding that requests for admission were deemed admitted against *pro se* litigant who failed to respond within the permitted time).

19. Webb has thus admitted, among other admissions, that he received his right to sue letter from the EEOC "on or before September 3, 2005."

20. Under Title VII, a plaintiff (or charging party) first must file a discrimination charge with the EEOC and receive a notice of right to sue before filing suit in federal court. 42 U.S.C. § 2000e-5(f)(1).

21. Once the notice is received, the charging party has 90 days in which to file suit. *Id.* § 2000e-5(f)(1); *see, e.g., Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 132 n.4 (4th Cir. 2002) (holding charge of discrimination could not be raised after 90-day limitations period had passed); *Green Union Foundry Co.*, 281 F.3d 1229, 1233-34 (11th Cir. 2002) (holding claim was time-barred when filed more than 90 days after right-to-sue letter).

22. Accordingly, Webb's Complaint was untimely because it was not filed on or before December 2, 2005.

23. Webb filed his Complaint on December 5, 2005.

24. Defendants filed a Motion for Summary Judgment on March 14, 2008.

25. Webb has not opposed Defendants' Motion for Summary Judgment. Under the applicable rules, any response from Webb became due April 17, 2008. *See* DUCivR 56-1(b) ("A

memorandum opposing a motion for summary judgment must be filed within thirty (30) days after service of the motion or within such extended time as allowed by the court.").

26. Defendants are entitled to summary judgment because Webb's admissions operate to defeat his claims of discrimination, as his claims are time barred under Title VII. *See* FED. R. CIV. P. 56(c) ("The judgment sought should be rendered if the . . . disclosure materials on file . . . show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."); *see also* 7 MOORE'S FEDERAL PRACTICE, § 36.03[4] ("Admissions may provide the basis for motions for summary judgment.").

27. Webb's status as a *pro se* litigant does not exempt him from the effects of admissions made binding by his failure to respond to Requests for Admission. *See, e.g., Whiting*, 200 F.R.D. at 265 (granting summary judgment against *pro se* party based on admissions established by operation of Rule 36(b)); *McNeil v. AT&T Universal Card*, 192 F.R.D. 492 (E.D. Pa. 2000) (same).

28. Dismissal of Webb's claims is also warranted because of Webb's failure to participate in this litigation.

29. Rule 37 of the Federal Rules of Civil Procedure authorizes this Court to enter an order of dismissal where a party fails to "obey an order to provide or permit discovery." FED. R. CIV. P. 37(b)(2)(A).

30. In this case, Webb failed to obey the Court's order that he timely make initial disclosures. Webb also failed to respond to Defendants' Discovery Requests. As a result, Webb has failed to cooperate in discovery.

31.     Webb's claims, therefore, are dismissed with prejudice both because they were not timely filed and because Webb has failed to timely prosecute his claims. *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) ("Pro se litigants are subject to the same rules of procedure that govern other litigants.") (citation omitted).

The Court, therefore, ORDERS that Defendants' Motion for Summary Judgment is hereby GRANTED, and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

DATED this 6th day of May, 2008.

BY THE COURT

_____
Judge Dee V. Benson
United States District Court for the District of Utah

981227